UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARLOS FABIAN VALIENTE ARTIGAS,<br>Petitioner,<br>v.<br>FACILITY ADMINISTRATOR, Northwest ICE Processing Center, et al.,<br>Respondents. | CASE NO. 2:26-cv-04387-TL<br><br>ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus. Dkt. No. 1. Having reviewed the petition, Respondents' "Abbreviated Return" (Dkt. No. 7), and the relevant record, the Court GRANTS the petition.

## I. DISCUSSION

The Court notes that this petition is essentially unopposed. Respondents have "abbreviated" their opposition to the petition, asserting in total:

> Pursuant to this Court's Scheduling Order (Dkt. No. 3), Federal Respondents submit that immigration officials re-detained Petitioner after previously having been released from immigration detention. Federal Respondents request that this Court decide whether a writ should be granted based on the Petition and related filings. Dkt. No. 1.

Dkt. No. 7.

Petitioner asserts that he came to the United States in 2022, when he was 17 years old. Dkt. No. 1 ¶ 2. He asserts that he was released on humanitarian parole; that he lived with his family in Oregon and attended high school; and that the government gave him "a work permit and Temporary Protected Status." *Id.* On November 5, 2026, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") in Portland, Oregon; he is now detained at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. *See id.* ¶¶ 3, 7. Petitioner asserts that he has not appeared before an officer "about whether [he] should be locked up." *Id.* ¶ 3. Petitioner asserts further that "[n]obody has found that [he is] dangerous or that [he] will run away." *Id.* He asserts that he does not have a case pending in immigration court. *See id.*

Petitioner argues that his detention violates his due-process rights under the Fifth Amendment. *See id.* ¶¶ 30–38. Petitioner claims that, having been allowed to "live in the community," he has obtained a "protected interest in staying free." *Id.* ¶ 31 (citing *Morrissey v. Brewer*, 408 U.S. 471, 481–84 (1972), and *Young v. Harper*, 520 U.S. 143, 147–49 (1997)). Petitioner's petition includes three-part analysis prescribed in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), which evaluates whether the government has sufficiently afforded an individual their due process. As discussed above, Respondents offer no rebuttal to Petitioner's conclusion that "all three factors show that [his] detention without any hearing violates due process." Dkt. No. 1 ¶ 38.

"In our adversarial system of adjudication, we follow the principle of party presentation,"

meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified). Respondents are represented by competent counsel. *See* Dkt. No. 6 (notice of appearance). The Court will not fill in the blanks for Respondents and, indeed, is "require[d] to do the opposite." *Ponzon Deroy v. Warden*, No. C26-5972, 2026 WL 3132157, at *2 (C.D. Cal. Oct. 19, 2026).

Respondents' non-opposition represents both a concession that Petitioner's position has merit and a forfeiture of any argument that they might have made against it. *See id.* (citing *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised.")); *see also Carrillo v. Mullin*, No. C26-5229, 2026 WL 2815883 (C.D. Cal. Sep. 18, 2026). Consequently, the petition should be granted based on the Respondents' "failure to oppose the primary relief sought." *Ponzon Deroy*, 2026 WL 3132157, at *2; *see also id.* ("As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted.").

## II. CONCLUSION

Accordingly, Petitioner's petition (Dkt. No. 1) is GRANTED. It is hereby ORDERED:

(1) Respondents and all their officers, agents, employees, attorneys, and persons acting on their behalf or in concert with them:

(a) SHALL release Petitioner from detention **within twenty-four (24) hours** under appropriate conditions of release;

(b) SHALL submit to the Court, **within seven (7) days** of Petitioner's release from detention, a declaration confirming that Petitioner has been released from custody and informing the Court of the date and time of his release.

Dated this 20th day of November 2026.

Tana Lin
United States District Judge